IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE LAWSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2457 |
| | : | |
| PA DEPARTMENT OF CORRECTIONS, | : | |
| *et al.*, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

Plaintiff Tyree Lawson has moved for *in forma pauperis* status. Lawson's motion is denied. According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

Because Lawson had accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his Complaint. *See Lawson v. Barger*, W.D. Pa. Civ. A. No. 17-97 (December 12, 2018 Order dismissing case with prejudice

for failure to state a claim); *Lawson v. Hollis*, W.D. Pa. Civ. A. No. 17-96 (March 14, 2018 Order adopting as opinion of the Court a recommendation to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)); *Lawson v. Crowther*, W.D. Pa. Civ. A. No. 17-39 (December 12, 2018 Order dismissing second amended complaint with prejudice for failure to state a claim); *Lawson v. Hoisington*, E.D. Pa. Civ. A. No. 11-171 (July 22, 2014 Order dismissing complaint with prejudice as "legally frivolous and for failure to state a claim"); *see also Lawson v. Crowther*, 3d Cir. No. 19-1161 (August 14, 2019 Order treating Lawson as a three striker). "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul–Akbar,* 239 F.3d at 315. Vague, general, or conclusory allegations are insufficient to establish that a plaintiff is in imminent danger. *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013), *abrogated in part on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759 (2015).

      Lawson alleges his cell was searched, he was strip searched, his legal property was destroyed, his mail was tampered with, and he was allegedly charged with a false misconduct in retaliation for filing lawsuits and/or grievances and placed in restricted housing. None of those allegations suggest that Lawson was ever in imminent danger of serious physical injury. Lawson also alleges that prison officials did not accommodate his religious diet for the month of Ramadan, and that he began accumulating food from the commissary to eat during Ramadan after allegedly having "discover[ed] [feces] like articles in chowhall food." (Compl. ECF No. 2 at 10.) However, prison officials in the restricted housing unit purportedly denied Lawson access to his commissary food, instead "forcing [him] to resort back to chowhall food; against [his] continued pleas to rather starve to death." (*Id.*) Lawson suggests that he is in imminent danger because he missed twenty-one meals. (*Id.* at 11.)

Lawson's allegations about food do not provide sufficient, detailed information regarding alleged dangers to his life or health to establish that he was under imminent danger when he filed his Complaint. *See Daker v. Bryson*, No. 17-11418, 2019 WL 3731424, at *2 (11th Cir. Aug. 8, 2019) (inmate was not in imminent danger based on allegations that he was "denied nutritionally adequate food causing him significant weight-loss"); *Brown v. Lyons*, 977 F. Supp. 2d 475, 484 (E.D. Pa. 2013) (vague allegations that punitive diet was causing malnutrition did not satisfy imminent danger standard); *Mateo v. Vosbrink*, Civ. A. No. 06-115, 2006 WL 2038499, at *2 (N.D. Fla. July 18, 2006) (denial of kosher meals that caused inmate to forego meals, resulting in hunger pangs was not imminent danger). In that regard, with respect to observing Ramadan, Lawson has not clearly explained why eating food from the dining hall would interfere with his observance.

Lawson has not alleged any physical effects from missing meals, and it is also not clear whether the conduct he alleges was limited to the month of Ramadan. More importantly, "a prisoner may not claim that he is in imminent danger of serious physical injury when the alleged danger is a result of his own doing." *See Brown v. President & CEO of Prison Health Servs., Inc.*, No. CIV.A. 11-7935, 2012 WL 926146, at *3 (E.D. Pa. Mar. 16, 2012); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1310 (S.D. Fla. 2013) ("if Plaintiff's weight loss is a health issue, as he alleges in his Complaint, it is because of his own behavior"). Lawson's choice not to eat because he was not granted access to his preferred food does not establish that he was in imminent danger of serious physical injury.

An appropriate Order will follow.

                                                           /s/ Gerald Austin McHugh  
                                                     United States District Judge